UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

TYLER SCOTT SAUVE,

          Plaintiff,                        Case No. 2:25-cv-77

v.                                              Honorable Robert J. Jonker

J. CLARK et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional

Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF staff: Assistant Deputy Warden J. Clark, Prison Counselor M. Davidson, Resident Unit Manager M. Lacrosse, and Warden J. Corrigan. (Compl., ECF No. 1, PageID.1–2.)

Plaintiff alleges that, during the "[f]irst week of December," a "DDO ticket" indicated that Plaintiff's "bunkie" intended to hurt Plaintiff. (*Id.*, PageID.4.) Plaintiff reported the matter to the Security Classification Committee (SCC), but the SCC denied Plaintiff protective custody, instead moving Plaintiff to a new unit. (*Id.*)

Plaintiff received the same threats in the new unit. (*Id.*) He also reported threats and sexual advances by his "bunkie" and became suicidal due to stress. (*Id.*) Plaintiff spoke with non-party "Psych O'Neil" regarding his mental health and need for protection and was placed on suicidal observation. (*Id.*, PageID.5–5.) Plaintiff alleges that a non-party "male psych" requested protective custody and removed Plaintiff from observation. (*Id.*) Plaintiff continued to report threats by two "dangerous gangs." (*Id.*) Plaintiff also alleges that non-party Kevin George and the Michigan State Police called to request protective custody for Plaintiff. (*Id.*) Despite these events and requests, the SCC continued to deny Plaintiff protective custody. (*Id.*)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks transfer to a prison with protective custody and monetary relief. (*Id.*, PageID.4.)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

2

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendants engaged in "cruel and unusual punishment," acted with "deliberate indifference" and "fail[ed] to protect" Plaintiff by denying Plaintiff protective custody. (ECF No. 1, PageID.4.) Plaintiff's allegations implicate the protections of the Eighth Amendment.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under

4

conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

However, in *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998), the Sixth Circuit explained that no Eighth Amendment claim exists for deliberate indifference to the threat of harm where no physical harm actually occurred. *Id.* at 601. In *Wilson,* the plaintiff alleged that he received threats from a prison gang and that prison officials failed to take action to protect him. *Id.* at 600. The Court affirmed the district court's dismissal of the plaintiff's Eighth Amendment claim for compensatory and punitive damages as frivolous, explaining that, while prison officials have a duty to protect inmates from violence, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson*, 148 F.3d at 600. Monetary damages for "a non-physical injury such as fear of assault at the hands of the prison gang" are not appropriate "in *this* Eighth Amendment context." *Id.* at 601. Quoting *Babcock v. White,* 102 F.3d 267, 272 (7th Cir.1996), the court explained:

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," *Farmer,* 511 U.S. [at 834] . . ., but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation. *See Carey,* 435 U.S. 247, 258–59 ("In order to further the purpose of § 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in

5

>question—just as the common-law rules of damages themselves were defined by the interests protected in the various branches of tort law.").

*Wilson*, 148 F.3d at 601; *see also Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 359 (6th Cir. 2002) (affirming district court's dismissal where the plaintiff's claim that he was endangered by being labeled a snitch was unsupported by any allegation of harm); *White v. Trayser*, No. 10-cv-11397, 2011 WL 1135552 (E.D. Mich. Mar. 25, 2011) (holding that the plaintiff failed to state an Eighth Amendment claim where he alleged that the defendant endangered his life by thanking him for information about illegal contraband in the presence of other inmates but failed to allege that he suffered any physical injury).

Here too, Plaintiff alleges that he feared assault but does not allege that those threats came to fruition or that he otherwise suffered any physical actual harm as a result of the threats from his bunkie and two dangerous gangs. Accordingly, in keeping with the foregoing precedent, the Court will dismiss Plaintiff's Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the full appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the

"three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: June 9, 2025   /s/ Robert J. Jonker
Robert J. Jonker
United States District Judge